ACCEPTED
03-16-00266-CV
12931122
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/27/2016 3:32:40 PM
JEFFREY D. KYLE
CLERK

# No. 03-16-0266-CV

## In the
## Court of Appeals for the
## Third District of Texas

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/27/2016 3:32:40 PM
JEFFREY D. KYLE
Clerk

_____

**T.J. THEIS**

*Appellant*

**v.**

**WAL-MART IN ITS ASSUMED OR COMMON NAME, INCLUDING WAL-MART STORES TEXAS LLC; AND GOODYEAR IN ITS ASSUMED OR COMMON NAME, INCLUDING THE GOODYEAR TIRE & RUBBER COMPANY**

*Appellee*

_____

On Appeal from the 126th Judicial District Court, Travis County, Texas
Trial Cause No. D-1-GN-10-00151

_____

**GOODYEAR'S UNOPPOSED MOTION TO RELEASE A COPY OF REPORTER'S RECORD VOLUME 9 TO GOODYEAR**

_____

TO THE HONORABLE COURT OF APPEALS:

Appellee The Goodyear Tire & Rubber Company, pursuant to Texas Rule of Appellate Procedure 10.1, files this motion to release a copy of Reporter's Record Volume 9 to Goodyear and would respectfully show the Court as follows:

-1-

Plaintiff's lawsuit arises from a single-vehicle crash near Cameron, Milam County, Texas. At trial, Plaintiff's tire expert, William Woehrle, testified Goodyear defectively manufactured the crash-vehicle's tire, and the resulting loss of tire pressure caused the driver to lose control. Following Woehrle's testimony, the trial court directed a verdict for Goodyear and stuck Woehrle's opinions. Plaintiff appealed.

During his testimony, Woehrle referenced confidential Goodyear documents now contained in Reporter's Record Volume 9. To protect Goodyear's confidential materials,[1] the trial court sealed Volume 9. RR Vol. 1, at 9-11; CR 192; Ex. A. On appeal, this Court designated Volume 9 as "view only."

The purpose of this motion is to request a narrow exception to the Court's "view-only" designation. Goodyear's Houston-based counsel cannot copy Volume 9—which includes materials pertinent to its response brief—for use outside the courthouse. These strictures hinder Goodyear's ability to fully and properly brief the issues raised by Plaintiff/Appellant in his brief.

Goodyear and its counsel appreciate this Court's (and the trial court's) treatment of Goodyear's confidential materials. If the Court grants this motion, Goodyear's counsel will—of course—continue to maintain the confidentiality of

---

[1] Volume 9 does not include any materials designed "Confidential" by Plaintiff/Appellant.

Goodyear's materials and abide by the trial court's order governing confidential materials. CR 19-29.

## PRAYER

Goodyear asks this Court to direct the Clerk of the Court to release a copy of Reporter's Record Volume 9 to Goodyear's counsel. In addition, Goodyear prays for any other relief to which it is entitled.

Respectfully Submitted:

By: /s/ *David R. Tippetts*
David R. Tippetts
State Bar No. 20065250
david.tippetts@wtllaw.com
Matthew E. Coveler
State Bar No. 24012462
matthew.coveler@wtllaw.com
Thad K. Jenks
State Bar No. 24007441
thad.jenks@wtllaw.com

Weinstein Tippetts & Little LLP
7500 San Felipe, Ste. 500
Houston, Texas 77063
Telephone: 713.244.0800
Facsimile: 713.244.0801

**ATTORNEYS FOR APPELLEE THE GOODYEAR TIRE & RUBBER COMPANY**

## RULE 10.1(a)(5) CERTIFICATION

Pursuant to Rule 10.1(a)(5) of the Texas Rules of Appellate Procedure, I hereby certify that before filing this motion on September 27, 2016, I provided Appellant's counsel of record by email a draft of the foregoing motion to release a copy of Reporter's Record Volume 9 to Goodyear. Appellant's counsel indicated he is unopposed to this motion.

/s/ *David R. Tippetts*
David R. Tippetts

Dated: September 27, 2016

## CERTIFICATE OF SERVICE

I certify that pursuant to Rule 9.5(e) of the Texas Rules of Appellate Procedure, a true and correct copy of this motion was forwarded to the following counsel of record through the electronic filing manager and by email:

**Attorneys for Plaintiff**
Kyle Farrar
Mark Bankston
FARRAR & BALL, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002

/s/ *David R. Tippetts*
David R. Tippetts

Dated: September 27, 2016

4834-1952-3385, v. 3

# EXHIBIT A



Cause No. D-1-GN-10-001511

| | |
|---|---|
| T.J. THEIS; | § IN THE DISTRICT COURT OF |
| | § |
| PLAINTIFF, | § |
| | § |
| V. | § |
| | § |
| WAL-MART IN ITS ASSUMED OR | § |
| COMMON NAME INCLUDING WAL- | § 250TH JUDICIAL DISTRICT |
| MART STORES TEXAS, L.L.C.; AND | § |
| GOODYEAR IN ITS ASSUMED OR | § |
| COMMON NAME INCLUDING THE | § |
| GOODYEAR TIRE & RUBBER | § |
| COMPANY | § |
| | § |
| DEFENDANTS. | § TRAVIS COUNTY, TEXAS |

## ORDER ON DEFENDANT GOODYEAR'S UNOPPOSED MOTION TO SEAL CONFIDENTIAL TRIAL EXHIBITS AND TESTIMONY

On April 12, 2016, the Court heard Defendant Goodyear's Unopposed Motion to Seal Confidential Trial Exhibits and Testimony under Texas Rule of Civil Procedure 76a.

The Court notes that public notice of the hearing was properly posted stating that any person or legal entity may intervene and be heard, specifying the time and place of the hearing, providing a brief but specific description of the nature of the case and the records sought to be sealed, as well as meeting all other requirements of 76(a)3. The hearing was held at the time specified in the posting, which was at least 14 days after the posting.

Defendant The Goodyear Tire & Rubber Company appeared through counsel, David R. Tippetts. Plaintiff appeared by teleconference through counsel, Bill Ogden. No


004553000

ORDER ON UNOPPOSED MOTION TO SEAL



intervention is on file and no one else appeared. A record of the hearing was taken by Carissa Crocker, substitute court reporter for the 250th District Court.

Upon its independent review, the Court FINDS as follows:

1.   During the trial of this cause, confidential Goodyear documents and related testimony were admitted as evidence. Additionally, in the pretrial stage, Plaintiff filed objections to Goodyear witnesses Kevin Legge and James Nespo. Both the objections and Goodyear's written responses contain confidential Goodyear documents and testimony.

2.   The documents and testimony Goodyear seeks to protect were designated confidential by Goodyear under this Court's confidentiality protective order. According to the protective order, documents and testimony designated confidential "shall be considered trade secret." A properly proven trade secret interest may constitute a specific, serious, and substantial interest, which would justify restricting access to the documents in question.

3.   Goodyear requests this Court seal the following documents and testimony:

1.   Plaintiff's Trial Exhibit 1 – Fayetteville Organizational Chart

2.   Plaintiff Trial Exhibit 2 – Cured Tire Irregularities

3.   Plaintiff Trial Exhibit 5 / Plaintiff's Exhibit 1 to Plaintiff's Objections to James Nespo – Fayetteville Quality System, Inspections

4.   Plaintiff Trial Exhibit 7 / Plaintiff's Exhibit 2 to Plaintiff's Objections to James Nespo – Inspect Cured Tires

5.   Plaintiff Trial Exhibit 8 – Flow Chart for Trench Audit

6.  Goodyear Trial Exhibit 21 – Tire Test Summary Report dated January 7, 2013

7.  Goodyear Trial Exhibit 29 – Tire Test Summary Report dated August 27, 2010

8.  Goodyear Trial Exhibit 30 – Fayetteville Plant Tire Specification

9.  Goodyear Trial Exhibit 31 – Global Master Specification

10. Goodyear Trial Exhibit 32 – Quality Assurance Instruction

11. Goodyear Exhibit 3 to Response to Plaintiff's Objections to Kevin Legge / Goodyear Exhibit 3 to First Amended Response to Plaintiff's Objections to Kevin Legge – Inflation Retention Test Results of Motorcycle Tire Test dated January 18, 2012.

12. Goodyear Exhibit 4 to Response to Plaintiff's Objections to Kevin Legge / Goodyear Exhibit 4 to First Amended Response to Plaintiff's Objections to Kevin Legge – Inflation Retention Test Results of Motorcycle Tire Test dated April 5, 2012.

13. Plaintiff's Exhibit 3 to Plaintiff's Objections to James Nespo – Excerpts of Deposition of James J. Nespo

> 26:4-26:8
>
> 31:23-39:1
>
> 62:21-66:25
>
> 67:7-69:7
>
> 69:12-79:14
>
> 123:7-123:23
>
> 124:9-124:14
>
> 124:19-124:24
>
> 127:25-129:2
>
> 130:19-131:5
>
> 131:24-133:13
>
> 134:8-137:4

14. Plaintiff's Exhibit 1 to Plaintiff's Objections to Kevin Legge / Goodyear Exhibit 5 to Response to Plaintiff's Objections to Kevin Legge / Goodyear Exhibit 6 to First Amended Response to Plaintiff's Objections to Kevin Legge – Excerpts of Deposition of Kevin Legge dated October 29, 2015

   12:19-13:4

   13:18-14:4

   14:9-15:12

   21:13-21:24

   22:6-22:21

   30:19-31:4

   31:19-31:22

   32:16-32:20

   34:20-35:1

   35:12-36:9

   41:21-42:7

   50:17-50:21

15. Goodyear Exhibit 1 to Response to Plaintiff's Objections to Kevin Legge / Goodyear Exhibit 1 to First Amended Response to Plaintiff's Objections to Kevin Legge – Excerpts of Deposition of Kevin Legge dated June 4, 2015

   23:1-23:6

   23:20-24:4

   24:25-25:25

   27:1-27:25

   42:1-42:14

   42:18-42:24

   45:6-47:25

   52:12-53:6

   54:15-54:25

   57:1-57:23

16. Plaintiff's Objections to Witness Jim Nespo – Redacted as indicated in Exhibit E to the motion.

17. Goodyear's Response to Plaintiff's Objections to Jim Nespo – Redacted as indicated in Exhibit F to the motion.

18. Goodyear's Response to Plaintiff's Objections to Kevin Legge – Redacted as indicated in Exhibit G to the motion.

4. The Court finds that Goodyear has a specific, serious and substantial interest in preserving the confidentiality of Documents 1 to 18 in paragraph 3 above. This interest clearly outweighs the presumption of openness granted by Texas Rule of Civil Procedure 76a and the probable adverse effect that sealing the specifications would have upon the general public health or safety.

5. The Court also finds that Goodyear's proposal to file the testimony and pleadings in the public court file with the confidential information redacted is the least restrictive means available and will adequately and effectively protect the specific interest asserted by Goodyear. The Court notes that Mr. Woehrle's specific safety allegations will remain part of the public record.

After considering the motion, the arguments of counsel, the parties' stipulations, exhibits to the motion, the pleadings and the evidence on file, without reliance on any agreement of the parties alone or the absence of any intervention or opposition, the Court carefully considered whether the records sought to be sealed met all the requirements of Rule 76 (a) and is the opinion of this Court that the Motion should be in all things, and is hereby, GRANTED.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED that the confidential documents and testimony listed in paragraph 3 of this order shall be, and are hereby, placed under seal. Documents 1 to 12 in paragraph 3 are sealed in their entirety. Documents 13 to 15 shall be filed in the public record with the pages and lines listed in paragraph 3 redacted out. Documents 16 to 18 shall be filed in the public record with the redactions indicated in Exhibits E to G to Goodyear's motion. Any documents and testimony sealed by this order shall remain under seal for a period of five years unless and until the filing of an order unsealing the records. The movant must file the documents that the court has sealed, entirely or partially, in a sealed envelope with a copy of this order attached.

THE COURT FURTHER ORDERS that the District Clerk keep confidential what is sealed and provide it, upon request, only to the parties, counsel of record, and a judge, including a member of a judge's staff acting on behalf of the judge.

THE COURT FURTHER ORDERS that the sealed documents may be transmitted to the Court of Appeals in any appeal or mandamus regarding this cause.

THE COURT FURTHER ORDERS counsel for the movant to prepare a redacted copy of each document, if any, that was partially sealed by the court. The court orders counsel to redact only the sealed portions (and the sensitive data, as defined in Rule 21c). The court orders counsel for the movant to e-file the redacted documents so they become court records accessible to the public.

Signed this 26TH day of _April_, 2016.

_____
JUDGE PRESIDING
KARIN CRUMP

APPROVED AS TO FORM ONLY:

APPROVED AS TO FORM AND
SUBSTANCE:

/s/ *Kyle Farrar*
Kyle Farrar
Mark Bankston
**Attorneys for Plaintiff**

/s/ *Thad K. Jenks*
David R. Tippetts
Thad K. Jenks
**Attorneys for Defendant Goodyear**

Order on Motion to Seal